[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS #101
The plaintiffs, Scott Chamberland and his wife, Sharon Chamberland, filed a four count complaint against the defendants, John Labonte and Arthur Roberts, D/B/A Merchant Farmers Transportation (Merchant), for negligence and loss of consortium. The plaintiff, Scott Chamberland, an employee of Merchant, alleges that he was injured while dumping refuse from a garbage truck that was being operated by his co-employee, Labonte. Merchant has paid the plaintiff workers' compensation benefits in the amount of $17,659.
The plaintiffs filed an identical action in the same court against the same defendants in Chamberland v. Labonte, Docket No. CV 01 0065857. In that case, the plaintiffs named as additional defendants, Wheelabrator Environmental Systems, Inc. (Wheelabrator) and Riley Energy Systems of Lisbon Corporation (Riley), the alleged owners and operators of the incinerator where the incident took place. That complaint is in six counts and alleges negligence and loss of consortium against all four defendants.
Labonte and Merchant have filed a motion to dismiss the complaint currently before the court based on the prior pending action doctrine. The plaintiffs filed a memorandum of law in opposition to the motion to dismiss, arguing that the actions should be consolidated. The plaintiffs want to ensure that these two defendants cannot raise a statute of limitations defense to the second action in the event that Wheelabrator and Riley, the additional defendants, have problems with insurance coverage.
"The prior pending action doctrine is properly raised via a motion to dismiss before the trial court." In Re Jessica M., 71 Conn. App. 417,427, ___ A.2d ___ (2002).
 "The prior pending action doctrine permits the court CT Page 13897 to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . We must examine the pleadings to ascertain whether the actions are `virtually alike' . . . and whether they are brought to adjudicate the same underlying rights." (Citations omitted; internal quotation marks omitted.)
Cumberland Farms, Inc. v. Town of Groton, 247 Conn. 196, 216, 719 A.3d 465
(1998).
The complaints in both actions are identical except for the additional defendants. They are of the same character, between the same parties, seeking the same relief. Under the prior pending action doctrine, therefore, the motion to dismiss is granted.[1]
 ___________________ J. Potter, J.